UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 24-01762-KK-SPx** | Date: | August 22, 2024 |
|---|---|---|---|

| Title: | *Grasiela Robles-Perez v. Wal-Mart Associates, Inc., et al.* |
|---|---|

Present: The Honorable    KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE

| Noe Ponce | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:    (In Chambers) ORDER TO SHOW CAUSE Regarding Subject Matter Jurisdiction**

On June 18, 2024, plaintiff Grasiela Robles-Perez ("Plaintiff") filed a Complaint against defendants Wal-Mart Associates, Inc. and Walmart Inc. ("Defendants") in San Bernardino County Superior Court, alleging employment discrimination and related claims under the Fair Employment and Housing Act.  ECF Docket No. ("Dkt.") 1, Ex. 1.  On August 15, 2024, Defendants filed a Notice of Removal from San Bernardino County Superior Court, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332.  Dkt. 1.

Federal courts are courts of "limited jurisdiction" which "possess only that power authorized by Constitution and statute[.]"  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).  Thus, a federal court has "an independent obligation to determine whether subject-matter jurisdiction exists," and may raise the issue "on its own initiative, at any stage in the litigation[.]"  Arbaugh v. Y&H Corp., 546 U.S. 500, 506, 514 (2006).  The party asserting federal jurisdiction bears the burden of proving jurisdiction exists.  Me. Cmty. Health Options v. Albertsons Cos., 993 F.3d 720, 723 (9th Cir. 2021).

Under 28 U.S.C. § 1332(a), a federal district court has original jurisdiction over a civil action where the amount in controversy exceeds $75,000, and there is complete diversity of citizenship between the parties.  Complete diversity requires each plaintiff to be of a different citizenship than each defendant.  Grancare, LLC v. Thrower, 889 F.3d 543, 548 (9th Cir. 2018) (citing Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996)).  An individual is a citizen of the state where they are domiciled.  See Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983).  A corporation is a

citizen of any state where it is incorporated and of the state where it has its principal place of business.  28 U.S.C. § 1332(c)(1).

Here, Defendants have not adequately alleged the citizenship of Plaintiff.  While Defendants state "Plaintiff alleges she is a resident of San Bernardino County, California[,]" dkt. 1, this allegation is insufficient to establish citizenship for purposes of diversity jurisdiction, see Kanter v. Warner-Lambert Co., 265 F.3d 853, 857-58 (9th Cir. 2001) ("[A] natural person's state citizenship is [] determined by her state of domicile, not her state of residence.").

Accordingly, Defendants are **ORDERED TO SHOW CAUSE** in writing why this action should not be dismissed for lack of subject matter jurisdiction.  Defendants shall file a response to this Order **no later than seven days from the date of this Order**.

**Defendants are expressly warned that failure to timely file a response to this Order will result in this action being dismissed without prejudice for lack of subject matter jurisdiction and/or failure to prosecute and comply with court orders.**  See Arbaugh, 546 U.S. at 514; FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**